# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **DONALD J. BERKEBILE,** | Bankr. Case No. 08-21759 (JKF) |
| Debtor. | Chapter 11 |
| | |
| **DONALD J. BERKEBILE,** | Adv. Case No. 09-02230 (JKF) |
| Plaintiff, | Related to Adv. Doc. No. 18 [Motion for Summary Judgment and Brief] |
| v. | |
| **OCWEN LOAN SERVICING, LLC; BENEFICIAL CONSUMER DISCOUNT COMPANY; INTERNAL REVENUE SERVICE,** | |
| Defendants. | |

## MEMORANDUM OPINION[1]

Before the court is Plaintiff Donald J. Berkebile's (hereinafter, the "Debtor") Motion for Summary Judgment and Brief (hereinafter, the "Motion for Summary Judgment"). Adv. Doc. No. 18. The Debtor requests the court to issue an order that "removes the [tax] liens of the Internal Revenue Service [(hereinafter, the 'IRS')] from [the real property located at] 3001 Bethel Church Road, Bethel Park, PA 15102 [(hereinafter, the 'Bethel Park Property')] to the

---

[1] The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

1

extent there is no value to secure those liens."[2] *Id.* at 3. The IRS opposes the Motion for Summary Judgment, as will be addressed below. The issue before the court is whether the unsecured portion of the IRS tax lien can be bifurcated under 11 U.S.C. § 506(a) and, once bifurcated, becomes void under 11 U.S.C. § 506(d). With respect to the legal issue of whether § 506 applies to an IRS tax lien, there are no material facts in dispute. However, if it is determined that § 506 does apply, the parties dispute material facts including the amount of the IRS's claim that would exceed the value of Debtor's collateral.

For the following reasons, Debtor's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as follows:

Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A motion for summary judgment can be defeated by the non-moving party if evidence is produced to create a genuine issue of material fact. *El v. SEPTA,* 479 F.3d 232, 238 (3d Cir. 2007) (citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993)). However, if the movant has satisfied its burden under Rule 56(c), the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "must do more than simply show that

---

[2]The Debtor also "requests this Court to issue him Judgment in his favor and against the Internal Revenue Service that the tax lien recorded on December 10, 2004, at FTL-04-1336 is avoided." Motion for Summary Judgment, Adv. Doc. No. 18, at 3.

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). "Summary judgment may not be granted . . . if there be an issue presented as to existence of any material fact; and all doubts as to existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *First Pennsylvania Banking & Trust Co. v. United States Life Ins. Co.*, 421 F.2d 959, 962 (3d Cir. 1969) (citing *Sarnoff v. Ciaglia*, 165 F.2d 167, 168 (3d Cir. 1947)).

Discussion

In the case at bench, the following material facts are undisputed. The parties agree, for purposes of this litigation, that the value of the Bethel Park Property is $220,000. Motion for Summary Judgment, Adv. Doc. No. 18, at 2, ¶ 5; Brief in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter, "Brief in Opposition"), Adv. Doc. No. 20, at 2, ¶ 5. They agree that the total of all secured claims against the property exceeds that value. They agree that the IRS is in fourth priority position, behind real estate taxes and two mortgages. Debtor alleges the liens to be as follows: Defendant Ocwen Loan Servicing, LLC holds a first mortgage against the Bethel Park Property in the amount of $166,409.85, recorded on December 9, 2003. Motion for Summary Judgment, Adv. Doc. No. 18, at 2, ¶ 2. Beneficial Consumer Discount Company holds a second mortgage against real estate owned by the Debtor with a payoff of $24,033.01, recorded on November 18, 2004.[3] Motion for Summary Judgment, Adv. Doc. No. 18, at 2, ¶ 3. The United States of America holds a lien against real estate owned by the Debtor with an approximate payoff of $820,227.00, recorded on December 10, 2004. Motion for Summary

---

[3]Beneficial Consumer Discount Company's mortgage, in the amount of $25,000, was dated November 3, 2004.

3

Judgment, Adv. Doc. No. 18, at 2, ¶ 4. Allegheny County (Pennsylvania) has a first lien position for real estate taxes against the property at issue in the amount of $1,109.00. Motion for Summary Judgment, Adv. Doc. No. 18, at 2, ¶ 6.

Debtor's assertion that the debt of Beneficial Consumer Discount Company exceeds the value of the collateral, as well as the allowed amount of the secured portion of each secured claim, is in dispute.[4] Motion for Summary Judgment, Adv. Doc. No. 18, at 2-3, ¶ 7; Brief in Opposition, Adv. Doc. No. 20, at 3, ¶ 7. However, for purposes of the legal issue, the disputed facts are not material. They are material, however, to any determination of the IRS's secured claims. The schedules filed with the Debtor's chapter 11 bankruptcy petition indicate that the assets of the Debtor include $250,000.00 in two parcels of real property[5] and $6,700.00 in personal property. Bankr. No. 08-21759, Doc. No. 14, at Summary of Schedules.

**The Legal Issue**

To determine whether the court may grant the Debtor's motion and issue an order bifurcating the alleged secured claim of the IRS, with the effect that any unsecured portion

---

[4] Debtor asserts that the claim of Beneficial Consumer Discount Company "is secured to the extent of $17,420.00 and unsecured and its lien was avoided to the extent of $6,613.00." Motion for Summary Judgment, Adv. Doc. No. 18, at 2-3, ¶ 7. The IRS contends that, because the Bethel Park Property is worth $220,000.00 and if the only property involved is that property, each secured creditor should have an allowed secured claim as follows: (1) County of Allegheny in the amount of $1,109.00; (2) Ocwen Loan Servicing, LLC in the amount of $166,409.85; (3) Beneficial Consumer Discount Company in the amount of $24,033.01; and (4) the IRS in the amount of $28,448.14. Brief in Opposition, Adv. Doc. No. 20, at 3, ¶ 7. The IRS also asserts that, under 26 U.S.C. § 6321, the IRS's tax lien "attaches to all property and rights to property and not just the real property involved in this suit." *Id.*

[5] The real property is listed as (1) the residence of the daughter, jointly owned by the Debtor and his daughter, valued at $30,000.00, and (2) the Bethel Park Property valued at $220,000.00. Petition, Bankr. No. 08-21759, Doc. No. 14, at Schedule A. Only the Bethel Park Property is at issue in this Adversary.

would be void against the Bethel Park Property to the extent there is no value therein to secure the tax lien, we must first consider whether the Debtor may use 11 U.S.C. § 506 to bifurcate the IRS's claim.

The determination of the secured status of a lien on the property of a bankruptcy estate is governed by § 506 of the Bankruptcy Code. In pertinent part, § 506 states that:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> . . .
> (d) To the extent that a lien secures a claim again **such lien is void**, st the debtor that is not an allowed secured claim, unless–
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506 (emphasis added). Together, subsections (a) and (d) of § 506 provide the statutory basis for lien stripping[6] under the Bankruptcy Code. *In re Johnson*, 386 B.R. 171, 173 (Bankr. W.D.Pa. 2008), *aff'd* 415 B.R. 159 (W.D.Pa. 2009).

Courts have determined that lien stripping is permitted in Chapter 11 bankruptcy proceedings. Section 1123(b)(5) of the Bankruptcy Code states that, "[s]ubject to subsection (a) of this section, a plan may . . . modify the rights of holders of secured claims, other than a claim

---

[6] "In the bankruptcy setting, the phrase 'lien stripping' refers to the process of reducing a secured claim to reflect the value of the underlying collateral." *In re Johnson*, 386 B.R. 171, 173 (Bankr. W.D.Pa. 2008), *aff'd* 415 B.R. 159 (W.D.Pa. 2009).

secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."[7] 11 U.S.C. § 1123(b)(5). "Therefore, to strip a lien in a Chapter 11 proceeding, a court must bifurcate the lien into secured and unsecured claims under § 506(a) and then, if a debtor's plan of reorganization meets the requirements of [11 U.S.C.] § 1123(a), a secured claim may be modified pursuant to § 1123(b)(5)." *In re Johnson*, 415 B.R. 159, 169 (W.D.Pa. 2009).

The United States District Court for the Western District of Pennsylvania, in affirming the decision of the Bankruptcy Court in *Johnson*, has held that a debtor may "modify the rights of [an IRS] secured claim under [a] reorganization plan and the Bankruptcy Court [may] approve the same." 415 B.R. at 169. The court found that "the modification of the IRS' federal tax lien was properly authorized under §§ 506(a) and 1123(b)(5) of the Bankruptcy Code," *id.*, and that "the Bankruptcy Court did not err in ordering that the federal tax lien be removed from [the debtor's] real property under those statutory provisions." *Id.* at 170. In its opinion, the Bankruptcy Court explained that a federal tax lien arises from 26 U.S.C. § 6321 and that "[t]here is nothing apparent from [§ 6321's] statutory language which would protect an IRS lien from lien stripping treatment." *In re Johnson*, 386 B.R. at 178. *See also In re Russell*, 2009 Bankr. LEXIS 4353, *4 (Bankr. W.D.Pa. 2009) ("[A] debtor may strip off the liens of the IRS to the extent that the value of the liens exceeds the value of the collateral subject to the liens"). In concluding that the federal tax lien could be stripped from the debtor's property, the Bankruptcy Court in *Johnson* determined that "[u]nless the Court remove[d] the IRS lien from [the debtor's]

---

[7] 11 U.S.C. § 1123(a) provides the mandatory contents of a Chapter 11 plan of reorganization.

6

residence, that lien will remain an anchor dragging him down from achieving the fresh start envisioned by the [Bankruptcy] Code." 386 B.R. at 181.

We agree with the rationale in *Johnson* and find that the Debtor may avoid the federal tax lien under the bifurcation and modification processes established by §§ 506 and 1123 of the Bankruptcy Code.

The IRS urges the court to apply the Anti-Injunction Act and/or the Declaratory Judgment Act to determine that the federal tax lien against the Bethel Park Property cannot be avoided. The court finds that neither Act applies to this case.

*The Anti-Injunction Act*

The IRS first argues that the Anti-Injunction Act (26 U.S.C. § 7421) prevents the Bankruptcy Court from enjoining future tax collection efforts. Section 7421 of the Internal Revenue Code provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Anti-Injunction Act generally "prohibits federal courts from entertaining any action to enjoin the IRS from assessing or collecting taxes." *In re Stokes*, 320 B.R. 821, 825 (Bankr. D. Md. 2004) (citing *Hillyer v. C.I.R.*, 817 F. Supp. 532, 535 (M.D. Pa. 1993)). The IRS's assertion of the Anti-Injunction Act raises a jurisdictional concern. The IRS argues that the bankruptcy court is prohibited from exercising jurisdiction over this matter to the extent that it seeks to enjoin the assessment or collection of Debtor's tax liability. However, we reject this argument.[8]

---

[8]The IRS cited *In re Becker's Motor Transp., Inc.*, 632 F.2d 242, 246 (3d Cir. 1980), for the proposition that "a bankruptcy court exemption [from the Anti-Injunction Act] cannot be judicially fashioned without contravening congressional intent." *See also* Brief in Opposition,
(continued...)

7

First, it is well-established that "a creditor who files a bankruptcy proof of claim thereby subjects itself to the jurisdiction of the court in which it was filed." *In re Arnott*, 388 B.R. 656, 660 (Bankr. W.D.Pa. 2008) (citing *Wiswall v. Campbell*, 93 U.S. 347, 351 (1876)).[9] *See also In re Stokes*, 320 B.R. at 825 ("The proof of claim filed by the IRS is analogous to a complaint filed in the District Court"). Here, the IRS did, in fact, file a proof of claim in the Debtor's chapter 11 bankruptcy proceeding. The proof of claim was initially filed on April 9, 2008 (Bankr. Case No. 08-21759, Claim 5-1), and a final amendment to the claim was filed on June 14, 2010 (Bankr. Case No. 08-21759, Claim 5-4).

Further, we find the reasoning of *Stokes*, although a Chapter 13 case and not precedential in this district, to be helpful to our analysis in this case. The court held that:

> [B]y filing an objection to the IRS Proof of Claim, Debtor is not

---

[8](...continued)
Adv. Doc. No. 20, at 5. However, "subsequent decisions rendered by the United States Supreme Court have undermined the core reasoning behind the Third Circuit's decision in [*Becker's Motor*]." *In re G-I Holdings, Inc.*, 2009 U.S. Dist. LEXIS 108339, *171 (D.N.J. 2009) (citing *South Carolina v. Regan*, 465 U.S. 367 (1984); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962)). *See also In re Campbell Enterprises, Inc.*, 66 B.R, 200, 207 (Bankr. D.N.J. 1986 ("The *Becker's* [*Motor*] decision was premised upon the finding that only Congress, not the judiciary, has the power to create exceptions to the Anti-Injunction Act. The [*South Carolina v.*] *Regan* decision, which was rendered by the Supreme Court of the United States subsequent to the *Becker's* [*Motor*] decision, however, demonstrates that judicial exceptions to the Anti-Injunction Act may be created").

[9]We note that the *In re Arnott* decision was later vacated by the same court upon a motion to vacate the court's memorandum opinion and order of June 18, 2008. The first memorandum opinion and order denied the IRS's motion to dismiss debtor's objection on the grounds that the objection named the wrong party. Subsequently, the debtor's objection to the IRS's proof of claim was withdrawn by the debtor. Thus, the IRS filed the motion to vacate on the basis that the court's memorandum and opinion were now moot. In granting the motion to vacate, the original memorandum and opinion, the bankruptcy court emphasized that the decision to vacate was "in no way premised on a belief that the June 18, 2008 Memorandum Opinion and Order was wrongly decided." *In re Arnott*, 395 B.R. 343, 345 (Bankr. W.D.Pa. Oct. 9, 2008). Thus, the opinion was not overturned for the premise for which it is cited in the case at bench.

8

> seeking to enjoin the IRS from assessing or collecting taxes deemed owed by the Debtor. Rather, the remedy sought is a determination as to whether the IRS has an allowed claim in Debtor's bankruptcy case and is therefore, entitled to receive a distribution pursuant to the Debtor's Chapter 13 plan. The Anti-Injunction Act does not preclude this court from making such a determination. **Nor does the Anti-Injunction Act prevent this court from determining the extent to which the IRS may have an allowed secured claim pursuant to § 506(a) of the Bankruptcy Code. Such determinations are the very matter submitted to this court by the filing of a proof of claim in Debtor's bankruptcy case.**

*In re Stokes*, 320 B.R. at 826 (emphasis added).

A determination that the Debtor may use § 506 to bifurcate a portion of the IRS's federal tax lien does not violate the Anti-Injunction Act, as this court is not issuing injunctive relief. Rather, the court is called upon to determine the value of the collateral. Here, the parties stipulated to a value of $220,000. Then, if the property has insufficient value to support the lien, in this case, with respect to the Bethel Park Property, the lien is void to the extent it is not secured. 11 U.S.C. § 506(d). This consequence is a statutory result imposed by Congress in the drafting and enacting of the Bankruptcy Code. Section 506 voids liens with respect to *specific* property - in this case, the Bethel Park Property - when they are not supported by value in the collateral. In other words, the IRS's secured claim attached to the Bethel Park Property cannot exceed the remainder of its $220,000 value after the secured claims of the tax lien and mortgages with higher priority than the IRS are satisfied. The lien is void under 11 U.S.C. § 506(d), to the extent it is not supported by value, thereby changing the status of that part of the claim from "secured" to "unsecured."

Thus, in this case, a determination under § 506 is not an injunction that prevents the IRS from assessing and/or collecting Debtor's taxes; it merely defines the status of the IRS's claim,

i.e. the portion of the claim that is secured and that which is unsecured. The IRS can then collect, through the Debtor's plan of reorganization, the amounts that are secured and the percentage paid to unsecured creditors on the unsecured portions of its claim.[10] By statute, as explained *infra*, the IRS still may collect the amount owed by the Debtor by enforcing its lien on *any and all* of Debtor's other property as to which the lien is not avoided by this action.[11]

Moreover, because, as Debtor concedes, the taxes at issue are nondischargeable under the Bankruptcy Code, the IRS will also be able to collect the nondischargeable liability owed by the Debtor. *See, generally,* 11 U.S.C. §§ 524(a) and 1141(d)(2).

*The Declaratory Judgment Act*

The IRS argues that, under the Declaratory Judgment Act (28 U.S.C. § 2201), the court "may not limit the United States' tax lien by entering a declaratory judgment about the United States' future collection rights against the Debtor's property." Brief in Opposition, Adv. Doc. No. 20, at 7. While it is true that subsection (a) of the Declaratory Judgment Act prohibits courts

---

[10] Under the terms of the Debtor's Amended Chapter 11 Plan, "the [class of general unsecured claims] will be paid approximately $36,000.00 over five years. . . . The dividend to [the class of general unsecured claims] is estimated to be ten and none [sic] tenths percent (10.9%) . . . ." Amended Chapter 11 Plan, Bankr. No. 08-21759, Doc. No. 97, at 23, § 7.12.

[11] Section 6331 of the Internal Revenue Code also provides the means by which the IRS can collect the taxes owed by the Debtor. *See, e.g., Wadleigh v. Com'r of IRS*, 2010 U.S. Tax Ct. LEXIS 17, *22, 134 T.C. No. 14 (June 15, 2010) ("[L]iens and other secured interests generally survive bankruptcy. . . . Thus, a discharge in bankruptcy will not necessarily prevent the postdischarge enforcement of a valid prepetition lien on any prepetition property of the debtor that survived the bankruptcy. . . . 'A bankruptcy discharge extinguishes only one mode of enforcing a claim – namely an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*.' *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991); *Iannone v. Commissioner*, 122 T.C. 287, 292-293 (2004)").

from making declaratory judgments with respect to federal taxes,[12] the court is not issuing a declaratory judgment about the United States' future collection rights as alleged by the IRS, nor has it been asked to render such a judgment. As explained, *supra*, with regard to the Anti-Injunction Act, viable means of collection remain available to the IRS.

Our determination that the Debtor may bifurcate the secured claim of the IRS on the Bethel Park Property under §§ 506(a) is a legal determination authorized by the Bankruptcy Code that does not affect any rights the IRS may have to assess or collect its nondischargeable taxes from the Debtor. The fact that the unsecured portion of the lien is void occurs by operation of law under § 506(d). Entering an order memorializing the result of § 506(d) is merely a ministerial act of the court done in order to fulfill Congress' intent. As previously explained in this Memorandum Opinion, we are making no determination as to what can be collected. Rather, we find that the Debtor may make use of Bankruptcy Code provisions enacted by Congress for the express purpose of determining the value of assets encumbered by secured claims and voiding any liens to the extent the value in the collateral does not support them.

Further, contrary to the allegation made by the IRS in its Brief in Opposition, our finding is not a result of reading the Declaratory Judgment Act to circumvent the Anti-Injunction Act. The relationship between the Anti-Injunction Act and the Declaratory Judgment Act was well explained by the United States Court of Appeals for the Fourth Circuit:

> Though the Anti-Injunction Act concerns federal courts' subject matter jurisdiction and the tax-exclusion provision of the Declaratory Judgment Act concerns the issuance of a particular remedy, the two statutory texts are, in underlying intent and

---

[12]Narrow exceptions exist with respect to the Bankruptcy Code. Specifically, §§ 505 and 1146 of the Bankruptcy Code are excepted from the limitations imposed by the Declaratory Judgment Act.

> practical effect, coextensive. *Wyoming Trucking Ass'n v. Bentsen,* 82 F.3d 930, 932-33 (10th Cir. 1996); *Perlowin v. Sassi*, 711 F.2d 910, 911 (9th Cir. 1983) (per curiam) (stating that 'if [a] suit is allowed under the Anti-Injunction Act, it is not barred by the Declaratory Judgment Act'); *Investment Annuity, Inc. v. Blumenthal*, 197 U.S. App. D.C. 235, 609 F.2d 1, 4 (D.C. Cir. 1979), *cert.* denied, 446 U.S. 981, 100 S. Ct. 2961, 64 L. Ed. 2d 837 (1980); *Tomlinson v. Smith*, 128 F.2d 808, 811 (7th Cir. 1942). The tax-exclusion provision was in fact added to the Declaratory Judgment Act in order to reaffirm the restrictions declared in the Anti-Injunction Act, *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7, 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974), and to prevent taxpayers from 'using the Declaratory Judgment Act to do what they were prohibited from doing under the Anti-Injunction Act,' *Eastern Kentucky Welfare Rights Org. v. Simon*, 165 U.S. App. D.C. 239, 506 F.2d 1278, 1285 n.11 (D.C. Cir. 1974), *vacated on other grounds*, 426 U.S. 26, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976); *see also Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 n.10, 40 L. Ed. 2d 518, 94 S. Ct. 2053 (1974) (observing that the District of Columbia Circuit had held that the two provisions are coterminous, declining to pass judgment on that holding, but conceding that 'the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act'). The purposes of the two statutory provisions are to allow the Federal Government to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 8 L. Ed. 2d 292, 82 S. Ct. 1225 (1962) (concerning the Anti-Injunction Act); *Flora v. United States*, 362 U.S. 145, 164 & n.29, 4 L. Ed. 2d 623, 80 S. Ct. 630 (1960) (concerning the Declaratory Judgment Act). **In light of the two provisions' coextensive nature, a finding that one of the two statutes does not bar the debtors in the instant cases from seeking and obtaining free and clear orders will necessitate a finding that the other statute does not pose an obstacle either.**

*In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 583-84 (4th Cir. 1996) (emphasis added).

*Sovereign Immunity*

Finally, the IRS contends that the analysis by the District Court in *In re Johnson* is incomplete as the District Court failed to consider limitations on its jurisdiction based on

sovereign immunity. We now address that issue and find the argument to be without merit.

Section 106 of the Bankruptcy Code specifically provides for the waiver of sovereign immunity as to a governmental unit with respect to numerous sections of the Bankruptcy Code, including § 506. 11 U.S.C. § 106(a). Such waiver was clearly explained, for example, by the United States District Court for the District of New Jersey:

> [A] tension exists between the Anti-Injunction Act and the Bankruptcy Code. On the one hand, the Anti-Injunction Act functions as an application of sovereign immunity, which bars courts from restraining the assessment or collection by the government of any tax. *See Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) (noting that '[i]n the context of tax assessments and collections the government's sovereign immunity has been codified by the Anti-Injunction Act'). On the other hand, Congress explicitly waived governmental sovereign immunity in the bankruptcy context with respect to certain Bankruptcy Code sections . . . . *See* 11 U.S.C. § 106(a).

*In re G-I Holdings, Inc.*, 2009 U.S. Dist. LEXIS 108339, *169-70 (D.N.J. 2009) (finding that "the Anti-Injunction Act does not impede [the court's] authority to issue an order that provisionally limits the IRS from seeking to collect additional amounts from [an indirect subsidiary of the debtor] than those provided for in the Plan").

**The Legal Conclusion**

In accordance with § 506 and § 1123(b)(5) of the Bankruptcy Code and consistent with *Johnson*, we find that the Debtor in a Chapter 11 case may commence an action against the IRS to value a federal tax secured claim as to identified asset(s). If the Debtor proves that the value of the identified asset(s) is insufficient to fully secure the IRS's claim, then, by operation of law in § 506(d), the IRS's lien will be void to the extent it exceeds the value of the collateral. The IRS would also have an unsecured claim for the amount by which its total claim exceeds the

value of the Debtor's collateral. Our determination of this legal issue is not in violation of either the Anti-Injunction Act or the Declaratory Judgment Act, as this result under § 506 is Congressionally mandated by operation of law and occurs only in the context of bankruptcy proceedings. Moreover, the Debtor concedes that the IRS's claim is nondischargeable. Thus, the IRS retains the ability to pursue the collection of the unpaid portion of the nondischargeable claim.

As such, Debtor's Motion for Summary Judgment is GRANTED IN PART with respect to this issue.

**The Application of the Law to the Facts of This Case**

The parties dispute the amounts of the allowed secured claims of the creditors with priority over the IRS. Thus, the determination of the amount of the IRS's allowed secured claim cannot be adjudicated by way of summary judgment proceedings. To determine the portion of the IRS's federal tax lien that is secured versus unsecured, an evidentiary hearing will be held.

Thus, the Motion for Summary Judgment is DENIED IN PART as to the amount of the IRS's claim that is secured versus unsecured.

An appropriate Order will be entered.

DATE: February 17, 2011

_Judith K. Fitzgerald_
Judith K. Fitzgerald
U.S. Bankruptcy Judge

kdv

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **DONALD J. BERKEBILE,** | Bankr. Case No. 08-21759 (JKF) |
| Debtor. | Chapter 11 |
| | |
| **DONALD J. BERKEBILE,** | Adv. Case No. 09-02230 (JKF) |
| Plaintiff, | Related to Adv. Doc. No. 18 [Motion for Summary Judgment and Brief] |
| v. | |
| **OCWEN LOAN SERVICING, LLC; BENEFICIAL CONSUMER DISCOUNT COMPANY; INTERNAL REVENUE SERVICE,** | |
| Defendants. | |

<u>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMARY JUDGMENT IN PART,
DENYING SUMMARY JUDGMENT IN PART AND
SCHEDULING FURTHER PROCEEDINGS**</u>

**AND NOW,** this **17th** day of **February**, **2011**, **WHEREAS** this court held a hearing on September 8, 2010, to consider Plaintiff's Motion for Summary Judgment and after consideration of the record before it, and for the reasons expressed in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion for Summary Judgment is **GRANTED IN PART** as to the legal determination that:

      a.    under § 506(a), the Debtor may seek to value the secured claim of the IRS; and

      b.    under § 506(d), the lien as to any unsecured portion thereof will be void against only the Bethel Park Property at issue herein.

2.    The Motion for Summary Judgment is **DENIED IN PART** as to the determination of the allowed secured claim of the IRS; and

It is **FURTHER ORDERED** that a status conference to discuss pretrial procedures and to set an evidentiary hearing will be held on the **4th** day of **March**, **2011**, at **11:30 a.m.** (prevailing Eastern time) before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, Courtroom A, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA  15219-2702; and

It is **FURTHER ORDERED** that counsel for the Plaintiff shall immediately serve a copy of this Memorandum Opinion and Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

kdv

2